THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION AS TO WHETHER CERTAIN CONDUCT ON THE PART OF A STATE AGENCY WILL CONSTITUTE A VIOLATION OF THE OKLAHOMA ETHICS COMMISSION ACT. ATTORNEY GENERAL LOVING HAS ASKED ME TO PROVIDE YOU WITH AN INFORMAL OPINION ON THE QUESTIONS POSED.
YOUR QUESTIONS ASK WHETHER A STATE AGENCY MAY LEASE A BUILDING FROM A BUSINESS WHICH EMPLOYS A PERSON WHOSE SPOUSE IS A STATE EMPLOYEE.
IN ADDRESSING YOUR QUESTION, IT IS NECESSARY TO REVIEW THE INTENT OF THE "OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT", 74 O.S. 4200 (1990), ET SEQ. AT 74 O.S. 4201 (1990), THE OKLAHOMA LEGISLATURE SET FORTH THE LEGISLATIVE INTENT OF THE ACT, ENUMERATING SEVERAL ITEMS. SECTION 4201, IN PERTINENT PART, STATES:
 "IT IS THE INTENT OF THE LEGISLATURE THAT THE LAW REFLECT THE FOLLOWING ITEMS:
 1. THAT THE OPERATION OF GOVERNMENT BE PROPERLY CONDUCTED SO THAT PUBLIC OFFICIALS ARE INDEPENDENT AND IMPARTIAL AND THAT A PUBLIC OFFICE IS NOT USED FOR PRIVATE GAIN OTHER THAN THE REMUNERATION PROVIDED BY LAW. PUBLIC INTEREST, THEREFORE, REQUIRES THAT THE LAW PROTECT AGAINST ANY CONFLICT OF INTEREST AND ESTABLISH STANDARDS FOR THE CONDUCT OF ELECTED OFFICIALS AND GOVERNMENT EMPLOYEES IN SITUATIONS WHERE CONFLICTS MAY EXIST;
 7. THAT NO OFFICER OR EMPLOYEE OF ANY GOVERNMENTAL ENTITY OR OTHER POLITICAL SUBDIVISION OF THIS STATE, AND NO MEMBER OF THE LEGISLATURE OR LEGISLATIVE EMPLOYEE, HAVE ANY INTEREST, FINANCIAL OR OTHERWISE, DIRECT OR INDIRECT; ENGAGE IN ANY BUSINESS TRANSACTION OR PROFESSIONAL ACTIVITIES; OR INCUR ANY OBLIGATION OF ANY NATURE THAT IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF HIS DUTIES IN THE PUBLIC INTEREST; AND
 8. THAT ALL PUBLIC OFFICIALS AND PUBLIC EMPLOYEES ARE AGENTS OF THE PEOPLE AND HOLD THEIR POSITIONS FOR THE BENEFIT OF THE PEOPLE. THEY ARE BOUND TO UPHOLD THE CONSTITUTION OF THE UNITED STATES AND THE CONSTITUTION OF THIS STATE AND TO PERFORM EFFICIENTLY AND FAITHFULLY THEIR DUTIES UNDER THE LAWS OF THE FEDERAL, STATE AND LOCAL GOVERNMENTS. SUCH OFFICERS AND EMPLOYEES MUST OBSERVE, IN THEIR OFFICIAL ACTS, HIGH STANDARDS OF ETHICS REGARDLESS OF PERSONAL CONSIDERATION, RECOGNIZING THAT PROMOTING THE PUBLIC INTEREST AND MAINTAINING THE RESPECT FOR THEIR GOVERNMENT MUST BE A FOREMOST CONCERN."
 IN AN EFFORT TO IMPLEMENT THE STATED INTENT OF THE ACT, CERTAIN KINDS OF TRANSACTIONS OR CONDUCT ON THE PART OF A STATE EMPLOYEE OR STATE AGENCY ARE SPECIFICALLY PROHIBITED. TITLE 74 O.S. 4241 (1990) STATES, IN PERTINENT PART:
"NO STATE EMPLOYEE SHALL:
 4. SELL, OF FER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED BY OR REGULATED BY THE STATE AGENCY, EXCEPT AS PROVIDED IN (74 O.S. 4243(A)(3)) OF THIS ACT;
 TITLE 74 O.S. 4243(A)(3) (1986) PROVIDES: NO STATE AGENCY SHALL:
 "3. PURCHASE ANY REAL PROPERTY FROM AN EMPLOYEE OF SAID STATE AGENCY OR FROM ANY PERSON WITHIN EIGHTEEN (18) MONTHS PRIOR TO SUCH PURCHASE HELD SUCH POSITION WITH THE STATE GOVERNMENT, UNLESS THE PROPERTY IS ACQUIRED EITHER BY CONDEMNATION PROCEEDINGS OR THE PRICE TO BE PAID FOR SUCH PROPERTY IS APPROVED IN WRITING BY THE APPOINTING AUTHORITY OF THE AGENCY ACQUIRING SUCH PROPERTY AND BY THE GOVERNOR."
FOR THE PURPOSE OF THIS INFORMAL OPINION, IT IS ASSUMED THAT A CONTRACT TO LEASE A BUILDING IS A PURCHASE OF AN INTEREST IN REAL PROPERTY AND THAT THE STATE EMPLOYEE IS CURRENTLY AN EMPLOYEE OF THE CONTRACTING STATE AGENCY. ALSO, FOR THE PURPOSE OF THIS INFORMAL OPINION, IT WILL BE ASSUMED THAT THE SPOUSE OF THE INTERESTED STATE EMPLOYEE IS IMPLY AN EMPLOYEE OF THAT LEASING COMPANY AND DOES NOT HAVE A SUBSTANTIAL FINANCIAL INTEREST IN THE LEASING COMPANY OR THE PROPERTY BEING LEASED BY THE STATE AGENCY.
IN ATTORNEY GENERAL OPINION NO. 72-021, 74 O.S. 1405 (1971) (THE FORERUNNER TO 74 O.S. 4243 (1981) AND A SITUATION SIMILAR TO THE PRESENT ONE WERE DISCUSSED. THAT OPINION, IN PART, STATED:
 "THE GENERAL THRUST OF 74 O.S. 1405 IS TO PRECLUDE A STATE AGENCY FROM DEALING WITH ONE OF ITS OWN EMPLOYEES, OR AN INDIVIDUAL, WHO WITHIN THE PRECEDING EIGHTEEN MONTHS WAS AT ANY TIME AN EMPLOYEE OF THE PARTICULAR STATE AGENCY ENTERING IN TO A CONTRACT OR MAKING THE PURCHASE."
THAT OPINION CONCLUDED THAT BECAUSE THE LESSOR WAS NOT, NOR HAD BEEN, AN EMPLOYEE OF THE CONTRACTING AGENCY, THE LEASE TRANSACTION WAS NOT IN AND OF ITSELF A VIOLATION OF THE OKLAHOMA CODE OF ETHICS.
IT IS AN ESTABLISHED RULE OF STATUTORY CONSTRUCTION THAT ABSURD RESULTS SHOULD BE AVOIDED. OLIVER V. CITY OF TULSA, 654 P.2D 607, 612 (OKLA.1982). WHERE THE LANGUAGE USED IN A STATUTE IS PLAIN AND UNAMBIGUOUS IT IS NECESSARY TO INTERPRET THE WORDS USED IN THEIR ORDINARY SENSE. CAVE SPRINAS PUBLIC SCHOOL DIST. I-30 OF ADAIR COUNTY V. BLAIR, 613 P.2D 1046 (OKLA.1980). FURTHER, THE CARDINAL OBJECTIVE OF STATUTORY CONSTRUCTION IS THE DETERMINATION OF LEGISLATIVE INTENT. STATE V. GOFORTH, 772 P.2D 911, 914 (OKLA.1989).
IN THE SITUATION AT HAND, THERE IS NO RESTRICTION ON A STATE AGENCY FROM LEASING PROPERTY FROM A BUSINESS WHICH HAPPENS TO EMPLOY THE SPOUSE OF A STATE EMPLOYEE. NO RESTRICTIONS ARE SET FORTH IN THE STATUTES WHICH WOULD PROHIBIT A LEASE FROM A COMPANY WHICH EMPLOYS THE SPOUSE OF A STATE EMPLOYEE. THUS, THERE WOULD BE NO CONFLICT OF INTEREST BETWEEN THE LEASING COMPANY AND THE STATE AGENCY. ANY POSSIBLE RESTRICTION, ETHICAL VIOLATION OR HINT OF CONFLICT WOULD BE EVEN FURTHER REMOVED IF THE STATE AGENCY SEEKING TO LEASE THE PROPERTY IS NOT THE STATE AGENCY FOR WHICH THE INTERESTED STATE EMPLOYEE WORKS.
UNDER THE PLAIN LANGUAGE OF THE STATUTES, NO PROHIBITION EXISTS WHICH WOULD PROHIBIT A LEASE BETWEEN A COMPANY WHICH EMPLOYS A SPOUSE OF A STATE EMPLOYEE AND A STATE AGENCY. ACCORDINGLY, SUCH A LEASE WOULD BE PROPER.
(WELDON B. POE) (CONFLICT OF INTEREST/LEGISLATOR)